**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
                                  :

JAMAR ARCHER               :

                               :        Civil Action

             Plaintiff,     :        06-2579 (DRD)

                               :

             v.               :        **O P I N I O N**

                               :

PLAINFIELD POLICE DEPARTMENT,  :

                               :

             Defendant.     :
_____:


**APPEARANCES:**

    JAMAR ARCHER, Plaintiff <u>pro se</u>
    #56917
    Somerset County Jail
    Somerville, New Jersey 08876


**DICKINSON R. DEBEVOISE, District Judge**

Plaintiff JAMAR ARCHER (hereinafter "Plaintiff"), a prisoner confined at the Somerset County Jail, Somerville, New Jersey, submitted for filing his complaint (hereinafter "Complaint") seeking to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915.   Based on his affidavit of poverty, Plaintiff's letter in lieu of his prison account statement, and the absence of three prior dismissals within 28 U.S.C. § 1915(g), the Court (1) grants Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>; (2) directs the Clerk to file the Complaint without pre-payment of the filing fee; (3) assesses the $350.00 filing fee against Plaintiff;

and (4) directs the agency having custody of Plaintiff to forward payments from Plaintiff's prison account to the Clerk each month that the amount in the account exceeds $10.00, until the $350.00 filing fee is paid in full, regardless of the outcome of the litigation.  See 28 U.S.C. § 1915(a), (b).  Having thoroughly reviewed Plaintiff's allegations, the Court dismisses the Complaint for lack of subject matter jurisdiction.

**BACKGROUND**

Plaintiff asserts the following facts.  On September 14, 2005, Plaintiff, being a passenger in a car that was involved in a car accident, suffered a head injury and was taken to a hospital.  See Compl. § 6, at 6.  Since, as it appears that, although policemen attended the accident, no police report of the accident was created, and such lack of police report impedes Plaintiff's civil action for damages against unspecified entities involved in the accident.  See id. § 6, at 7-8.  Plaintiff, therefore, seeks declaratory relief (presumably, in the form of a statement that the accident actually took place), as well as compensatory and punitive damages (for unspecified injuries) and injunctive relief (of unspecified nature).  See id. § 7.

## LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental entity or employee. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  The Court is required to identify cognizable claims and to dismiss any claim which is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]  Id.

"[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim."  Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist."  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A

---

[1] Plaintiff should also be aware that the PLRA requires courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 340 (2nd ed. 1990)).  At a minimum, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Rather, the Court is "required to accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios."  Neitzke, 490 U.S. at 328; see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990).  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)).

## DISCUSSION

### A.   Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. <u>Mansfield, C. & L. M. Ry. Co. v. Swan</u>, 111 U.S. 379, 383 (1884).  As the Supreme Court stated in <u>Bender v. Williamsport Area School Dist.</u>, 475 U.S. 534, 541 (1986),

> it is appropriate to restate certain basic
> principles that limit the power of every
> federal court.  Federal courts are not courts
> of general jurisdiction; they have only the
> power that is authorized by Article III of the
> Constitution and the statutes enacted by
> Congress pursuant thereto.

"Every grant of federal jurisdiction must fall within one of the nine categories of cases and controversies enumerated in Article III." <u>In re TMI Litigation Cases Consol. II</u>, 940 F.2d 832, 861-62 (3d Cir. 1991) (Scirica, J., concurring) (citing <u>Hodgson v. Bowerbank</u>, 5 Cranch (9 U.S.) 303, 3 L.Ed. 108 (1809)).  Article III of the Constitution provides:

> The judicial Power shall extend to all Cases,
> in  Law  and  Equity,  arising  under  this
> Constitution, the Laws of the United States,
> and Treaties made, or which shall be made,
> under their Authority;--to all Cases affecting
> Ambassadors,  other  public  Ministers  and
> Consuls;--to  all  Cases  of  admiralty  and
> maritime  Jurisdiction;--to  Controversies  to
> which the United States shall be a Party;--to
> Controversies between two or more States;--
> between  a  State  and  Citizens  of  another
> State;--between Citizens of different States;-
> -between  Citizens  of  the  same  State  claiming
> Lands  under  Grants  of  different  States,  and
> between a State, or the Citizens thereof, and
> foreign  States,  Citizens  or  Subjects.

U.S. Const. art. III, § 2.

The essential facts establishing federal jurisdiction must appear on the face of the complaint.  McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182, 189 (1936).  The plaintiff, "who claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court."  Id. at 189. Being of limited jurisdiction, a federal court

> has cognisance, not of cases generally, but only of a few specially circumstanced, amounting to a small proportion of the cases which an unlimited jurisdiction would embrace. And the fair presumption is (not as with regard to a court of general jurisdiction, that a cause is within its jurisdiction unless the contrary appears, but rather) that a cause is without its jurisdiction, until the contrary appears.  This renders it necessary, inasmuch as the proceedings of no court can be deemed valid, further than its jurisdiction appears, or can be presumed, to set forth upon the record of a circuit court, the facts or circumstances which give jurisdiction, either expressly, or in such manner as to render them certain by legal intendment.

Turner v. Bank of North America, 4 U.S. 8, 10 (1799). Moreover, lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.  Bender, 475 U.S. at 541; Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).

6

**B.   Federal Question Jurisdiction**

A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331. Specifically, 42 U.S.C. § 1983 authorizes a person to seek redress for a violation of his or her federal rights by a person who was acting under color of state law.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:  (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Sample v. Diecks, 885 F.2d 1099, 1107 (3d Cir. 1989).[2]

---

[2]   "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how

Turning to the case at bar, this Court has little problem agreeing with Plaintiff that the police officers at the scene of the accident operated under color of state law.  The Court, however, cannot fathom how a failure to execute a car accident report could amount to a deprivation of a right secured by the Constitution or laws of the United States, since this Court is not aware of any federal statute or constitutional provision mandating execution of such report.  Cf. Wyatt v. Krzysiak, 82 F. Supp. 2d

---

discriminatory or wrongful."  American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Shelley v. Kraemer, 334 U.S. 1, 13 (1948)).  State action exists where the conduct allegedly causing the deprivation of a federal right is "fairly attributable to the State."  Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 937 (1982).  Determining state action involves a two-step approach.

> [T]he first question is whether the claimed deprivation has resulted from the exercise of a right or privilege having its source in state authority.  The second question is whether, under the facts of this case, respondents, who are private parties, may be appropriately characterized as "state actors."

Lugar, 457 U.S. at 939; see also Sullivan, 526 U.S. at 50.

"Before private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1266 (3d Cir. 1994).  A private person may fairly be said to be a state actor "when (1) he is a state official, (2) he has acted together with or has obtained significant aid from state officials, or (3) his conduct is, by its nature, chargeable to the state."  Angelico v. Lehigh Valley Hospital, Inc., 184 F.3d 268, 277 (3d Cir. 1999).

8

250 (D. Del. 1999) (person involved in an accident while under the influence of alcohol had no constitutional tort claim against a police officer for failing to arrest her or directing her to continue driving after stopping her for speeding).  Therefore, as there is no basis for the Court to exercise jurisdiction over what could be, at the most, a tort claim arising under state law, the Court is constrained to dismiss the Complaint in its entirety for lack of subject matter jurisdiction.[3]

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's application to file the Complaint in forma pauperis and dismisses the Complaint.

An appropriate Order accompanies this Opinion.



                                        /s/ Dickinson R. Debevoise
                                          DICKINSON R. DEBEVOISE
                                        United States district Judge

Dated:     June 28, 2006

---

[3]
    No statement contained in this opinion should be interpreted as this Court's view that there could or there could not be a valid state law claim on the facts alleged by Plaintiff.  The Court's analysis is expressly limited to the matters of federal claim.